Aaron S. Welling (#024840)
AWelling@perkinscoie.com
Perkins Coie LLP
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
DocketPHX@perkinscoie.com

Steven S. Bell (*pro hac vice*)
Michael E. Scoville (*pro hac vice*)
Kate Reddy (*pro hac vice*)
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Defendant The Boeing Company

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| CHARLES D. RUFFNER and DIANE M. RUFFNER, as the Co-Personal Representatives of the Estate of Matthew Paul Ruffner, deceased, and HEATHER L. GARAY-YODER, as the Personal Representative of the Estate of Jarett M. Yoder, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>THE BOEING COMPANY, individually, and as the successor-in-interest to McDonnell Douglas Helicopter, Co.,<br><br>Defendants. | No. 2:15-cv-00821-PHX-DLR<br><br>**THE BOEING COMPANY'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

Defendant The Boeing Company ("Boeing") answers Plaintiffs' Amended Complaint for Product Liability and Wrongful Death ("Amended Complaint") as follows, in paragraphs numbered to correspond to the paragraph numbers in said Amended Complaint.

# JURISDICTIONAL ALLEGATIONS

1. The allegations in paragraph 1 contain a statement of Plaintiffs' intentions to which no answer is required.

2. Boeing admits that it removed this action under the Federal Officer Removal statute, 28 U.S.C. 1442, and also on the basis of diversity jurisdiction under 28 U.S.C. §§ 1441 and 1446.

3. Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 3 and therefore denies them.

4. Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 4 and therefore denies them.

5. Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 5 and therefore denies them.

6. Boeing admits that it is an aerospace company and that it manufactures and remanufactures military aircraft, including the AH-64D helicopter. Boeing further admits that the McDonnell Douglas Helicopter Company has been merged with and into The Boeing Company. Except as expressly admitted, Boeing denies the allegations in paragraph 6.

7. Boeing admits that its production and assembly facilities for the AH-64D helicopter are located in Mesa, Arizona, in Maricopa County. Boeing further admits that the helicopter at issue in this litigation was originally an AH-64A helicopter that was remanufactured into the AH-64D configuration in Arizona.

8. For purposes of this litigation only, Boeing does not contest personal jurisdiction in Arizona for the claims alleged.

9. For purposes of this litigation only, Boeing does not contest personal jurisdiction in Arizona for the claims alleged, making it unnecessary to respond to the numerous factual allegations contained in paragraph 9.

**FACTUAL BACKGROUND**

10. Boeing admits that the AH-64D is a twin-engine attack helicopter produced by Boeing and its predecessors for the U.S. Army. Boeing further admits that AH-64D aircraft have been used by the U.S. Army in Afghanistan. Except as expressly admitted, Boeing denies the allegations in paragraph 10.

11. Boeing admits that it has certain rights reserved under copyright laws, but otherwise denies the allegations in paragraph 11.

12. Boeing denies the allegations in paragraph 12.

13. Boeing is informed and believes that Matthew Ruffner and Jarett Yoder were piloting a U.S. Army AH-64D at the time of the mishap. Except as expressly admitted, Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 13 and therefore denies them.

14. Boeing is informed and believes that Matthew Ruffner and Jarett Yoder were piloting at the time of the mishap a U.S. Army AH-64D, serial number 09-05636, an aircraft that had been remanufactured in Boeing's plant in Mesa. Boeing has not independently verified that information. Except as expressly admitted, Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 14 and therefore denies them.

15. Boeing denies the allegations in paragraph 15.

16. Boeing denies the allegations in paragraph 16.

17. Boeing admits that the mishap aircraft's #3 main rotor blade vertical pin failed in flight. Except as expressly admitted, Boeing denies the allegations in paragraph 17.

18. Boeing admits that the #3 main rotor blade separated from the main rotor system. Except as expressly admitted, Boeing denies the allegations in paragraph 18.

19. Boeing admits that the #4 main rotor blade reportedly separated from the main rotor system. Except as expressly admitted, Boeing denies the allegations in paragraph 19.

20. Boeing admits that the main rotor reportedly separated from the mishap aircraft. Except as expressly admitted, Boeing denies the allegations in paragraph 20.

21. Boeing denies the allegations in paragraph 21.

22. Boeing admits the allegations in paragraph 22, except for the allegation that the mishap occurred in a desert, which is denied because Boeing lacks information or knowledge sufficient to form a belief as to the truth of the allegation.

23. Boeing states that the U.S. Army AR 15-6 Report and U.S. Army Technical Report speak for themselves and, on that basis, denies the allegations in paragraph 23.

24. Boeing admits the allegations in the first sentence of paragraph 24. Boeing denies the allegations in the second sentence of paragraph 24. Boeing also denies the accuracy of the image appearing under paragraph 24.

25. Boeing denies the allegations in paragraph 25. Boeing also denies the accuracy of the image appearing under paragraph 25.

26. Boeing denies the allegations in paragraph 26.

27. Boeing denies the allegations in paragraph 27.

28. Boeing denies the allegations in paragraph 28.

29. Boeing denies the allegations in paragraph 29.

30. Boeing admits the allegations in paragraph 30. Boeing denies the accuracy of the image appearing under paragraph 30.

31. Boeing admits that in 2001, the Army awarded McDonnell Douglas Helicopter, Co. a sole-source contract for AH-64D strap pack assemblies. Except as expressly admitted, Boeing denies the allegations in paragraph 31.

32. Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 32 and therefore denies them.

33. Boeing denies the allegations in paragraph 33.

34. Boeing admits the allegations in paragraph 34.

35. Boeing denies the allegations in paragraph 35.

36. Boeing denies the allegations in paragraph 36.

37. Boeing denies the allegations in paragraph 37.

## NOTICE

38. Boeing admits that an AH-64D helicopter operated by the Israeli Air Force crashed in 2006. Except as expressly admitted, Boeing denies the allegation in paragraph 38.

39. Boeing admits the allegations in the first sentence of paragraph 39. Except as expressly admitted, Boeing denies the allegations in paragraph 39.

40. Boeing denies the allegations in paragraph 40.

## DAMAGES

## RUFFNER'S DAMAGES

41. Boeing denies the allegations in paragraph 41, including all subparts.

## YODER'S DAMAGES

42. Boeing denies the allegations in paragraph 42, including all subparts.

43. Boeing denies the allegations in paragraph 43, including all subparts.

## COUNT I

## BOEING'S NEGLIGENCE

44. Boeing incorporates its answers to paragraphs 1-43 and 54 as though stated herein.

45. Paragraph 45 alleges the existence of a legal duty, which is a legal conclusion to which no answer is required. To the extent an answer is required, Boeing denies the allegations in paragraph 45.

46. Boeing denies the allegations in paragraph 46.

47. Paragraph 47 alleges the existence of a legal duty, which is a legal conclusion to which no answer is required. To the extent an answer is required, Boeing denies the allegations in paragraph 47.

48. Boeing denies the allegations in paragraph 48, including all subparts.

49. Boeing denies the allegations in paragraph 49.

## COUNT II

## STRICT LIABILITY

50. Boeing incorporates its answers to paragraphs 1-43 as though stated herein.

51. Paragraph 51 alleges a legal conclusion to which no answer is required. To the extent an answer is required, Boeing denies the allegations in paragraph 51.

52. Boeing admits that it designed, manufactured or remanufactured, assembled, tested and sold certain components installed on Apache 636 at the time of the mishap, while other components were designed, manufactured, assembled, tested and sold by others, including the U.S. Army. Boeing denies that it, rather than the Army, controls the design of AH-64D aircraft.

53. Boeing denies the allegations in paragraph 53.

54. Boeing denies the allegations in paragraph 54, including all subparts.

55. Boeing denies the allegations in paragraph 55.

56. Boeing denies the allegations in paragraph 56.

57. Boeing denies the allegations in paragraph 57.

58. Boeing denies the allegations in paragraph 58.

59. Boeing denies the allegations in paragraph 59.

60. Boeing denies the allegations in paragraph 60, including all subparts.

Boeing denies that Plaintiffs are entitled to judgment against Boeing and denies that Plaintiffs are entitled to recover damages, fees, interest, costs or other relief.

Boeing denies all allegations of Plaintiffs' Amended Complaint, except those specifically admitted in this Answer.

## AFFIRMATIVE AND OTHER DEFENSES

Boeing further responds to Plaintiffs' Amended Complaint by alleging the following affirmative and other defenses:

1. The Amended Complaint, and each purported cause of action therein, is barred because the aircraft involved in the alleged mishap (the "Mishap Apache") and all of its components were designed and manufactured or remanufactured in conformity with

1. mandatory government specifications provided or approved by the United States Government.

2. The Amended Complaint, and each purported cause of action therein, is barred by the Government Contractor Defense as set forth in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), and other applicable law.

3. The Amended Complaint, and each purported cause of action alleged therein, fails to state a claim against Boeing upon which relief can be granted.

4. Plaintiffs' damages and the damages of Plaintiffs' decedents, if any, were proximately caused by the acts or omissions of others over whom Boeing had no control or right of control, and/or said acts or omissions were a superseding and sole, direct, and proximate cause of Plaintiffs' damages, if any.

5. If Plaintiffs or Plaintiffs' decedents' alleged damages are based on products originally designed, manufactured, assembled, inspected, tested, or sold by Boeing, those products were subsequently installed, removed, exchanged, altered, modified, retrofitted, repaired, overhauled, remanufactured, improperly maintained, or misused by persons and/or entities other than Boeing, and over whom Boeing had no control or right of control, and such installation, removal, change, alteration, modification, retrofitting, repair, overhauling, remanufacture, improper maintenance, or misuse proximately caused and contributed to the events alleged in the Amended Complaint and the resulting damages complained of, if any.

6. The design of the Mishap Apache and each component thereof installed at the time of delivery by Boeing was consistent with or exceeded the "state of the art" at the time of its design and manufacture.

7. The benefits of the design of the Mishap Apache and each component thereof outweigh the risks associated therewith, if any.

8. Third parties over whom Boeing had no control altered or modified the Mishap Apache or its component parts, which was the sole, direct, and proximate cause of

Plaintiffs' damage or without which modifications or alterations, the alleged incident would not have occurred.

9. Plaintiffs' claims are barred because the damages complained of were proximately caused by negligent acts or omissions of third persons over whom Boeing exercised no control and for whose conduct Boeing bears no responsibility. These acts or omissions intervened between the acts and omissions of Boeing, if any, and the occurrence of the mishap, and were the sole, direct and proximate cause of Plaintiffs' damages, if any.

10. This action is barred in whole or in part by the doctrines of contributory negligence, assumption of risk, and/or product misuse.

11. The Amended Complaint and all claims for relief therein should be dismissed on the ground that Plaintiffs have failed to join necessary and indispensable parties.

12. An award or judgment rendered in favor of Plaintiffs must be reduced by the amount of benefits Plaintiffs received, or are entitled to receive, from any source.

13. To the extent any party has settled or may in the future settle with Plaintiffs, Boeing asserts that it is entitled to an appropriate set-off, credit, or reduction of any judgment.

14. The Mishap Apache was intended for and sold to a knowledgeable and sophisticated user over whom Boeing had no control and Plaintiffs' claims are barred by the sophisticated user and/or sophisticated intermediary doctrines.

15. The Amended Complaint, and each purported cause of action therein, is barred, in whole or in part, by res judicata, release, waiver, or estoppel.

16. Plaintiffs' claims are barred by the doctrine of federal preemption.

17. Plaintiffs lack the capacity and/or standing to bring this action.

18. Plaintiffs' decedents failed to heed any and all warnings.

19. Plaintiffs and/or their decedents failed to use reasonable efforts to mitigate their damages, if any, and failed to protect themselves from avoidable consequences.

20. The Amended Complaint and each purported cause of action therein is preempted by the combatant activities exception to the Federal Tort Claims Act.

21. The Amended Complaint and each purported cause of action therein is barred by the Political Question Doctrine.

22. Plaintiffs' action may be governed, in whole or in part, by the laws of jurisdictions other than Arizona.

23. Boeing reserves the right to amend its answer and plead additional affirmative defenses allowed by the law of the jurisdiction found to apply in this case.

WHEREFORE, Boeing prays as follows:

1. That Plaintiffs take nothing by the Amended Complaint, that the Amended Complaint be dismissed, and that judgment on the Amended Complaint be entered for Boeing;

2. That Boeing be awarded its costs of suit and attorneys' fees;

3. That Boeing have a trial by jury on all triable issues;

4. That the Court grant such further relief as the Court may deem just and proper.

## JURY DEMAND

Boeing demands a jury trial on all issues triable by jury in this matter.

Dated: June 19, 2015     **PERKINS COIE LLP**

By: s/ Aaron S. Welling
Aaron S. Welling (#024840)
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788

Steven S. Bell (*pro hac vice*)
Michael E. Scoville (*pro hac vice*)
Kate Reddy (*pro hac vice*)
1201 Third Avenue, Suite 4900
Seattle, WA 98101

Attorneys for Defendant The Boeing Company

**CERTIFICATE OF SERVICE**

☒ I hereby certify that on June 19, 2015, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Frank Verderame [fverderame@plattner-verderame.com]

Barry Newman [bnewman@sdlitigation.com]

s/ Kaye Leach

LEGAL126392371.2